# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ALFRED BRIMLETT**                                                                            **PLAINTIFF**

v.                        **CASE NO. 3:15-CV-00340 BSM**

**NUCOR-YAMATO STEEL CO., et al.**                                    **DEFENDANTS**

## ORDER

The motion to remand filed by plaintiff Alfred Brimlett [Doc. No. 11] is granted. All pending motions [Doc. Nos. 5, 17] are denied as moot.

## I.  BACKGROUND

Brimlett filed suit in Arkansas state court following an injury at his place of employment. He alleged damages because eight named defendants and ten John Does negligently packaged and shipped coils to Brimlett's employer. Although Brimlett did not identify the John Does, he alleged that they were Arkansas citizens who worked in the shipping departments for two of the named defendants.

On October 26, 2015, the named defendants removed, alleging diversity jurisdiction, because Brimlett, an Arkansas resident, did not share the same state citizenship with the named defendants. *See* Doc. No. 1. That same day, the named defendants filed their answer and a motion to dismiss several named defendants. *See* Doc. Nos. 3, 5.

Brimlett filed an amended complaint, which removed several of the original named defendants, added two more named defendants, and identified six of the John Does. *See* Doc. No. 10. The complaint alleges that the six identified John Does are citizens of the State of

Arkansas. Shortly thereafter, Brimlett filed a motion to remand for the lack of subject matter jurisdiction because complete diversity was destroyed by Brimlett, an Arkansas citizen, and Robert Byrd, an identified John Doe defendant with Arkansas citizenship. *See* Doc. No. 11. The original named defendants answered the amended complaint [Doc. No. 14], and Byrd was then served at a Holiday Inn in Arkansas [Doc. No. 13]. Byrd did not answer, but he filed a motion to dismiss for the failure to state a claim. *See* Doc. No. 17.

## II.  DISCUSSION

The motion to remand is granted for the lack of subject matter jurisdiction. A defendant may remove if the federal court would have had original jurisdiction. 28 U.S.C. § 1441. Removal here was premised on diversity jurisdiction, which requires no defendant to have the same citizenship as the plaintiff and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction existed on October 26, 2015, when the named defendants removed, because Brimlett alleged more than $2 million in damages and none of the named defendants, all Delaware citizens, shared Brimlett's Arkansas citizenship. *See* Notice of Removal ¶ 8, Doc. No. 1; *Grawitch v. Charter Communc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014) (jurisdiction initially determined at time of removal). The presence of the John Doe defendants does not affect this analysis because fictitious names are disregarded for removal purposes. 28 U.S.C. § 1441(a).

Brimlett did not move for leave to amend the complaint to substitute identities for the John Does, likely because he filed the amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) (plaintiff may amend as a matter of course if filed within 21 days of

service of a responsive pleading). This freedom to amend conflicts with 28 U.S.C. § 1447(e), however, which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.

This provision, which requires leave if an amendment destroys diversity, has been applied to requests for both joinder and substitution of nondiverse defendants. *See, e.g., Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir. 1994) (legislative history demonstrates the provision should determine jurisdiction with post-removal identification of fictitious defendants); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). Although Rule 15(a) allows Brimlett to file as a matter of course, § 1447(e) likely requires him to request leave.

In either situation, the amended complaint would be the operative complaint, which requires a reevaluation of subject matter jurisdiction. Under Rule 15(a), his amended complaint automatically replaces the original complaint, even in removal cases. *See Cartier v. Wells Fargo Bank, N.A.*, 547 Fed. Appx. 800, 804 (8th Cir. 2013). Under § 1447(e), Brimlett would be granted leave to amend because it is not for purposes solely to destroy diversity, as he identified the John Does by their job descriptions and stated they were Arkansas citizens, he amended promptly after discovering their identities, and the substance of his allegations against all of the defendants remain substantially the same. Notably, no served defendant filed a motion to strike Brimlett's complaint as improper under § 1447(e); instead, they treated the filing as if it were the operative complaint: the original named

3

defendants filed an answer and Byrd filed a motion to dismiss for the failure to state a claim.

Although the Eighth Circuit Court of Appeals does not appear to have addressed the issues raised here, the First, Tenth, and Eleventh Circuits have all permitted a plaintiff to amend the complaint, and then later remand the case to state court once subject matter jurisdiction had been destroyed. *See Lutz v. Pickle*, No. 4:14-CV-1775, 2015 WL 2412194 (E.D. Mo. May 20, 2015) (noting lack of Eighth Circuit direction and remanding case after discussing circuit court cases). The same is true here. Should this case proceed, a federal court would be required to enter judgment in a case where an Arkansas plaintiff is suing an Arkansas defendant. Federal courts, however, are required to remand such cases, any time before final judgment is entered, if the court lacks jurisdiction. 28 U.S.C. § 1447(c).

Accordingly, the motion to remand is granted.

### III.  CONCLUSION

For the aforementioned reasons, the motion to remand [Doc. No. 11] is granted. All remaining motions [Doc. Nos. 5, 17] are denied as moot.

IT IS SO ORDERED this 14th day of January 2016.

                                                                        */s/ Brian S. Miller*
                                                                        UNITED STATES DISTRICT JUDGE